*654 memorandum by the court
• The facts of this case fall far short of showing any contract, express or implied, on the part of the Government to pay plaintiffs for the material which they had on hand when their contract was completed. There was no written contract between the parties on this subject, nor did the officers who conferred with plaintiffs about the performance of the purchase order then in process of completion have any authority to make any other contract than the one in hand. They did not assume to make any contract. To entitle a plaintiff to compensation under an agreement it is •essential that the officer Avitli whom it was entered into should not merely haAre been holding under the Secretary of War or the President, but that he should have been acting within the scope of his authority. See Baltimore & Ohio Railroad Company v. United States, 261 U. S. 592, 596. This court has had occasion to pass upon a number of cases involving this question. See Jacob Reed's Sons case, ante, p. 97; Lewis Nixon case, 59 C. Cls. 684; Neal-Blun Company case, 59 C. Cls. 182.